**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| **JEANNE L. HUNTER,** **Plaintiff** | ) | **CASE NO.:** |
| **v.** | ) | |
| **GREGG R. HUNTER,** **Defendant** | ) | |

## COMPLAINT AND JURY DEMAND

Now comes the plaintiff, Jeanne L. Hunter, by and through counsel, and for her Complaint against the defendant, Gregg R. Hunter, states as follows:

### PARTIES

1. The plaintiff, Jeanne L. Hunter, is an adult individual and resident of 33922 Golden Lantern Street, Suite B, Dana Point, Orange County, State of California 92629.
2. The defendant, Gregg R. Hunter, is an adult individual who, upon information and belief, resides at 126 Hardy Street, Dunstable, Commonwealth of Massachusetts and who owned, possessed, maintained, controlled, and/or was responsible for certain residential lakefront premises and boat dock located at 129 North Shore Drive, East Wakefield, Carroll County, State of New Hampshire.
3. At all times relevant hereto, the defendant also owned, possessed, maintained, controlled, and/or was responsible for a boat or watercraft being used in connection with the premises and dock at the time of the incident described herein.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in

controversy exceeds $75,000, exclusive of interest and costs. The plaintiff and the defendant are citizens of different states, and complete diversity therefore exists between the parties.

5. Venue is proper in this Court under 28 U.S.C. § 1332, the claim having arisen in the State of New Hampshire.

**GENERAL ALLEGATIONS**

6. On or about August 12, 2025, the plaintiff was lawfully present at defendant's lakefront residential property located at 129 North Shore Drive, East Wakefield, New Hampshire.
7. At the time of the incident, the plaintiff was an invited guest and/or lawful entrant upon the defendant's residential premises, including the dock, shoreline access area, and appurtenant structures and approaches.
8. At all relevant times, the defendant had a duty to use reasonable care to inspect, maintain, repair, manage, and keep the premises, including the dock and any means of ingress to and egress from the watercraft and dock area, in a reasonably safe condition for lawful visitors.
9. On the evening of August 12, 2025, plaintiff was disembarking from a boat owned by the defendant onto defendant's dock when she stepped onto a weak, deteriorated, unsafe, rotted, and/or structurally unsound dock plank or board.
10. The plaintiff transferred from the boat to the dock, and while in the act of mooring the boat, the dock surface failed under her, causing her right leg to go through the dock plank while the left leg twisted, crumpled, and bore her weight abnormally.
11. The incident occurred at approximately 8:20 p.m. while the plaintiff was in the process of exiting the boat and mooring it to the dock maintained and controlled by the defendant.

12. The dangerous condition of the dock, including the failed plank and the unsafe condition of the docking/disembarkation area, created an unreasonable risk of harm to persons boarding or exiting the watercraft.
13. The defendant knew or, in the exercise of reasonable care, should have known that the dock, plank, and/or disembarkation area were unsafe, deteriorated, weakened, rotted, improperly maintained, insufficiently repaired, inadequately inspected, and/or dangerous for intended and foreseeable use.
14. The defendant further knew or should have known that lawful guests would foreseeably board, ride in, return by, and disembark from the boat or watercraft at the dock and would necessarily rely on the dock surface and immediate disembarkation area to be reasonably safe for that purpose.
15. Despite having that knowledge, the defendant failed to properly inspect, maintain, repair, replace, barricade, warn of, and/or otherwise remedy the dangerous condition.
16. As a direct and proximate result of the failure of the dock plank and the unsafe condition of the dock/disembarkation area, the plaintiff became trapped and sustained severe bodily injuries, including a serious fracture and other painful and permanent injuries to her leg and related body structures.
17. The plaintiff was caused to suffer physical pain, mental suffering, emotional distress, disability, impairment, medical expenses, loss of enjoyment of life, inconvenience, and other damages, some of which are or may be permanent.
18. The plaintiff's injuries and damages were caused by the negligence and fault of the defendant and were not caused by any negligence on the part of the plaintiff.

**COUNT I – NEGLIGENCE / PREMISES LIABILITY**

19. The plaintiff repeats and realleges Paragraphs 1 through 18 as if fully set forth herein.

20. The defendant owed plaintiff a duty to exercise reasonable care under the circumstances to maintain the residential premises, including the dock and related structures, in a reasonably safe condition and to warn of dangerous conditions of which he knew or should have known.

21. The defendant breached that duty by, among other things:

a. failing to inspect the dock and dock planking adequately

b. failing to discover and correct deteriorated, rotted, weakened, or unsafe dock boards;

c. failing to maintain the dock in a reasonably safe condition;

d. failing to repair or replace unsafe planks or structural components;

e. failing to warn plaintiff of a dangerous condition on the dock;

f. allowing invitees and lawful guests to use a dock and disembarkation area that were unsafe for their intended and foreseeable use.

g. failing to restrict, supervise, or make safe the way guests boarded and disembarked from the boat at the dock; and;

h. otherwise failing to act with reasonable care under the circumstances.

22. The defendant's negligence directly and proximately caused plaintiff's injuries and resulting damages.

23. As a result, the plaintiff is entitled to recover all damages allowed by law.

**COUNT II – NEGLIGENCE IN CONNECTION WITH WATERCRAFT BOARDING/DISEMBARKATION**

24. The plaintiff repeats and realleges Paragraphs 1 through 23 as if fully set forth herein.

25. At all relevant times, the defendant owned, maintained, controlled, possessed, provided, used, and/or directed the use of the boat or watercraft from which plaintiff disembarked at the time of the incident.

26. The defendant owed plaintiff a duty to exercise reasonable care in connection with the operation, management, mooring, placement, loading, unloading, boarding, and disembarkation activities associated with that boat or watercraft under the circumstances then existing.

27. The plaintiff's injuries occurred while she was engaged in the continuous act of disembarking from defendant's boat or watercraft onto defendant's dock, and while defendant's watercraft-use activities and dockside disembarkation process were still underway, including the act of mooring the boat to the dock, which the plaintiff was in the process of doing when the dock surface collapsed underfoot.

28. The defendant breached his duty of care by, among other things:

a. failing to provide a reasonably safe place and method for plaintiff to disembark from the boat and moor it to the dock;

b. failing to ensure that the docking and disembarkation area was safe for foreseeable use by passengers and guests;

c. failing to coordinate, supervise, or manage disembarkation in a reasonably safe manner;

d. bringing, keeping, or permitting the boat to be used in conjunction with an unsafe dockside landing and exit area;

e. failing to warn plaintiff of known or reasonably discoverable hazards associated with leaving the boat at that location; and

f. otherwise acting negligently in connection with the use of the watercraft and the disembarkation process.

29. The defendant's negligence in connection with the boat/watercraft and plaintiff's disembarkation and mooring activity directly and proximately caused plaintiff's injuries and damages.

30. As a result, plaintiff is entitled to recover all damages allowed by law.

**DAMAGES**

31. As a direct and proximate result of defendant's conduct, plaintiff has suffered and will continue to suffer damages, including but not limited to:

a. bodily injury;

b. severe pain and suffering;

c. mental anguish and emotional distress;

d. medical, hospital, rehabilitation, and related expenses;

e. lost income and/or diminution of earning capacity, if applicable;

f. permanent impairment, disfigurement, and/or loss of function; and

g. loss of enjoyment of life and other general and special damages recoverable under New Hampshire law.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that this Honorable Court:

A. Enter judgment in favor of plaintiff and against defendant on all counts;

B. Award compensatory damages in an amount to be determined at trial; and

C. Award costs, interest, and such other relief as the Court deems just and proper.

THE PLAINTIFF DEMANDS A JURY TRIAL.

Respectfully submitted,
The Plaintiff, **JEANNE L. HUNTER,**

By her Attorneys,

/s/*Nicholas S. Guerrera*

Nicholas S. Guerrera, NH BAR ID NO. 6520
Shaheen Guerrera & O'Leary, LLC
Jefferson Office Park
820A Turnpike Street
North Andover, Massachusetts 01845
(978) 689-0800
nguerrera@sgolaw.com

Dated: October 8, 2026